UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN CHARLES HANNA,

    Petitioner,

v.                                      Case No. 08-C-783

UNITED STATES OF AMERICA,

    Respondent.

**ORDER**

On June 18, 2007, John Charles Hanna filed this petition pursuant to 28 U.S.C. § 2255, asserting that his incarceration is unconstitutional because it was the result of ineffective assistance of counsel.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2255 Cases, which reads:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Rule 4, Rules Governing § 2255 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Hanna alleges that his trial counsel advised him to withdraw his plea, the result of which was a conviction by a jury on two counts of possession and distribution and 50 months of imprisonment.

He alleges that, given his limited criminal history and cooperation with the government, it would have made much more sense to plead guilty and receive a reduced sentence. In particular, he seems to allege that his earlier plea offer and cooperation with the government served to prejudice him when he later decided to go to trial. Although courts generally frown on after-the-fact attempts to relitigate matters when a defendant has second thoughts about going to trial, at the screening stage I conclude Hanna at least sets forth a plausible claim for ineffective assistance.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2255 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) respondent shall have 45 days from the date of this order within which to file a brief in opposition; and (2) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed

2

thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Dated this   19th   day of September, 2008.

                                                   s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge