UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN CHARLES HANNA,

    Petitioner,

v.                                                        Case No. 08-C-783

UNITED STATES OF AMERICA,

    Respondent.

## DECISION AND ORDER

On June 18, 2007, John Charles Hanna filed this petition pursuant to 28 U.S.C. § 2255, asserting that his incarceration is unconstitutional because it was the result of ineffective assistance of counsel. For the reasons given herein, the motion to vacate will be denied.

The Sixth Amendment's requirements governing the performance of counsel are well-known. *Strickland v. Washington,* 466 U.S. 668 (1984). For a defendant to obtain relief on an ineffective assistance argument, he must show both that his counsel's performance was deficient and that the performance prejudiced the defendant. *Nunez v. United States,* 546 F.3d 450, 453 (7th Cir. 2008).

Hanna first takes issue with Attorney John Miller Carroll for encouraging him to enter a guilty plea; he also takes issue with Carroll's "haste" in preparing that plea. He alleges that Carroll's assessment of the case was overly rosy and that he (Hanna) was induced to sign the plea agreement by Carroll's suggestion that he would be facing only probation. Hanna points to statements on the record suggesting that Carroll was not aware of proper procedures relating to plea

withdrawals and may not have fully discussed the plea with Hanna. In fact, this Court's November 14, 2007 decision discussed these issues in granting the motion to withdraw the plea. Yet to the extent Hanna is alleging Carroll's advice was ineffective up to this stage, the claim fails because this Court allowed Hanna to withdraw the plea, eliminating any prejudice resulting from the agreement or counsel's advice relating to that agreement.

The brunt of Hanna's ineffective assistance argument focuses on Carroll's advice that Hanna should withdraw the plea after having already begun cooperating with the government. He asserts that because he "had already admitted guilt by factual basis in the Rule 11 hearing," this admission somehow led inevitably to the jury's guilty verdict. (Br. at 6.) Essentially, he argues that the result of his trial was worse than it would have been had he not decided to plead guilty earlier.

As the government notes, Hanna seems to want it both ways. He argues counsel was ineffective in initially urging him to plead guilty, but then when counsel secured Hanna's ability to withdraw that plea, *that* is also alleged to be ineffective. It seems the gist of Hanna's argument is that this sequence of events – agreeing to plead guilty, cooperating with the government, and then withdrawing the plea and going to trial – somehow prejudiced him and resulted in a conviction and/or a harsher sentence. But the information Hanna gave the government during that period was not somehow deemed "admitted" at trial, and in any event Hanna did not even admit to his guilt in the conspiracy. In short, Hanna does not explain how his attorney's advice during this period resulted in any increased sentence or caused him any prejudice at all.

Hanna also argues that counsel was ineffective because he urged Hanna to get a key witness, Peter Ertel, to recant. Communicating with the witness in advance of the trial, he asserts, resulted in a 2-point sentencing enhancement. Although the probation office found such an enhancement

2

applicable, and the government argued for it, this Court did not impose that enhancement at his sentencing. As the transcript reflects, I considered the government's argument for an enhancement based on Hanna's communications with Ertel but rejected such an enhancement. Instead, the 2-point enhancement was based on Hanna's testimony at trial. (Sentencing Tr. at 6, Case No. 07-CR-88.) Accordingly, there is no prejudice.

In sum, Hanna's filings suggest areas where his trial counsel may indeed have been inept, and his reply brief cites alleged ethical lapses in counsel's conduct. This Court noted aspects of ineffectiveness on the record and in its decision allowing withdrawal of the guilty plea. But courts do not review counsel's performance in the abstract – there must be some indication that the deficient performance had an adverse impact on the defendant's proceedings. Nowhere does Hanna credibly identify a specific cause-and-effect whereby his counsel's performance resulted in an increased sentence or a guilty verdict. Most of his argument for prejudice is based on the erroneous belief that he received a sentencing enhancement for contacting Ertel, and as noted above that simply did not occur.[1]

Accordingly, the motion to vacate is **DENIED** and the case is **DISMISSED**.

**SO ORDERED** this      4th      day of February, 2009.


     s/ William C. Griesbach
     William C. Griesbach
     United States District Judge

---

[1] Hanna raises additional arguments in his reply brief, but these are waived. *See Wilson v. Giesen,* 956 F.2d 738, 741 (7th Cir. 1992) ("This argument is waived, however, as the plaintiff failed to raise it until his reply brief, leaving the defendants no chance to respond."); *Autullo v. United States,* 1996 WL 149346, *5 (7th Cir. 1996) (applying waiver in *pro se* § 2255 case).